Newman, J.
On January 18, 1909, plaintiff’s decedent, G. W. Shuck, was served with a notice of which the following is a copy:
“January 16th, 1909.
“G. W. Shuck, Monday, Ohio.
“The Board of Education meets Wednesday evening January 20th, 1909. Please be present, with your witnesses. The charges against you are immorality.
“By order of the Board
“J. W. Wi-iitlatci-i, Clerk.”
Shuck attended the meeting of the board held January 20, 1909, with witnesses to testify in his behalf. He asked for a continuance of the hearing, which was refused, and thereupon, according to the minutes of the meeting, the board having found that charges against Shuck for immorality and improper conduct had been preferred and reduced to writing and a copy thereof served on *58 him, and an opportunity had been given him for defense, proceeded to consider the charges and hear the evidence. It found that the charges of immorality and improper conduct were true, and on motion, by the vote of a majority of all the members of the board on roll call, Shuck was dismissed as teacher.
A board of education- may dismiss a teacher under the provisions of Section 7701, General Code, which is as follows:
“Sec. 7701. Each board may dismiss any appointee or teacher for inefficiency, neglect of duty, immorality, or improper conduct. No teacher shall be dismissed by any board unless the charges are first reduced to writing and an opportunity be given for defense before the board, or a committee thereof, and a majority of the full membership of the board vote upon roll call in favor of such dismissal.”
The statute in its present form was enacted in 1904. Prior thereto a board of education might dismiss a teacher for inefficiency, neglect of duty, immorality, or improper conduct, without filing charges and without giving him an opportunity to defend.
At common law a teacher who had been dismissed was without redress. But in 1857 (54 O. L., 240) there was enacted a statute giving him the right to maintain an action. This right has existed with the exception of a few years since that time. It is conferred by Section 7708, General Code, which reads:
“Sec. 7708. If the board of education of any *59 district dismisses, a teacher for any frivolous or insufficient reason, the teacher may bring suit against such district. If, on trial of the cause a judgment be obtained against the district, the board thereof shall direct the clerk to issue an order upon the treasurer for the sum so found due to the person entitled thereto, to pay it out of any money in his hands belonging to the district, applicable to the payment of teachers. In such suits process may be served on the clerk of the district, and service upon him shall be sufficient.”
Under the provisions of this section plaintiff brought this action. He based his right to recover upon the ground that the board of education failed to comply with the requirements of Section 7701 in not giving him a copy of the charges preferred against him and in not giving him a sufficient opportunity for his defense. It is insisted that the charges contemplated by that section are such as will apprise the teacher of the precise act or acts against which he is called upon to defend, and in the present case should have embodied facts that in judgment of law would constitute immorality or improper conduct.
Whether or not the notice served on Shuck met the requirements of Section 7701 is, we think, wholly unimportant and immaterial so far as a determination of this case is concerned. It is to be remembered that the remedy' prescribed by Section 7708 is in derogation of the common law and therefore must be strictly construed. It authorizes an action in case a teacher is dismissed for a frivolous or insufficient reason. This statutory right *60 existed a number of years prior to the amendment of Section 7701 prescribing the method of procedure. The gist of the action then was unquestionably “dismissal for a frivolous or insufficient reason.” It could not have been irregularity in the proceeding, for no preliminary steps were required. A teacher then could have been dismissed summarily. As to the purpose of the amendment to Section 7701, it is unnecessary here to inquire. But, as has been suggested, it was undoubtedly intended to give to the board and the teacher opportunity for an inquiry, thereby minimizing the necessity on the part of the teacher to seek redress under the provisions of Section 7708. We do not see how this amendment can possibly enlarge or extend the remedy or give to the teacher an additional ground upon which to predicate an action. If there exists a substantial reason for the discharge of the teacher there is no right of recovery under Section 7708, although the board may fail to reduce the charges to writing and may' deny the teacher the opportunity for a defense. For example, a teacher dismissed for admittedly immoral conduct in the presence of his pupils will certainly have no right of action against the board, whereas one who is discharged for a frivolous reason may recover although the charges against him are reduced to writing and he is given an opportunity to defend.
It appears from the record that the charges of immorality and improper conduct grew out of a controversy between Shuck and the superintendent of the schools, in his school room and in the presence of the pupils, in the course of which Shuck *61 struck the superintendent with a poker and' Shuck was knocked down by the superintendent. It was the claim of Shuck that the superintendent was the aggressor and that what he did in the matter was in self-defense and was justifiable.
In the trial of the case in the court of common pleas the facts and circumstances surrounding the affair were submitted to the jury and the court properly charged that it was for the jury to find from the evidence in the case whether Shuck had been dismissed for a frivolous and insufficient reason. And a frivolous and insufficient reason was defined to be one of little weight or import, not amounting to inefficiency, neglect of duty, immorality or improper conduct. To hold that the board’s action in dismissing a teacher is not reviewable by a court of common pleas, if it appears that the charges preferred by the board of education embody facts which in law constitute inefficiency, neglect of duty, immorality or improper conduct, would, we think, nullify the provisions of Section 7708. All that would be required on the part of the board of education would be to have embodied in the charges reduced to writing facts which constitute inefficiency, neglect of duty, immorality or improper conduct, and when it appears in an action brought by a teacher that the charges were so framed, that would be the end of the inquiry and the teacher would be defeated, although the charges may be wholly without merit and unsupported by any evidence.
The jury in this case, under the evidence, evidently found that Shuck was not in the wrong and *62 there was no substantial reason for his dismissal. The court of appeals in reviewing the judgment of the court of common pleas weighed the evidence and came to the conclusion that the verdict was manifestly against the weight of the evidence. We do not disturb this finding. An examination of the record discloses the fact that there was a conflict of evidence as' to material matters — for instance, as to whether or not Shuck acted in self-defense. Besides, the finding of the court of appeals itself presupposes that there was a conflict in the evidence. Instead of rendering final judgment for defendant in error it should have remanded the cause to the court of common pleas for another hearing.

Judgment of court of appeals in reversing the judgment of court of common pleas affirmed and in rendering final judgment reversed.

Nichols, C. J., Johnson, Wanamaker and Matthias, JJ., concur.
Jones, J., not participating.